UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

XUE SHAN WANG,

                                                    Plaintiff,

                    -against-                                    **STIPULATION AND**
                                                                 **PROTECTIVE ORDER**
NEW YORK CITY DEPARTMENT OF YOUTH AND
COMMUNITY DEVELOPMENT, CITY OF NEW                               21-CV-06271 (LGS) (DF)
YORK, NEVITA BAILEY, LISA THORNTON AND
ARDIS SANMOOGAN

                                                    Defendants.
------------------------------------------------------------------------x

                    The Court having found that good cause exists for issuance of an appropriately

tailored confidentiality order governing the pre-trial phase of this action, and the parties having

stipulated to the following provisions, it is hereby ORDERED that any person subject to this Order

– including without limitation the parties to this action, their attorneys, representatives, agents,

experts and consultants, acting as such, all third parties providing discovery in this action, and all

other interested persons with actual or constructive notice of this Order shall adhere to the

following terms, upon pain of contempt:

**Discovery Materials May Be Designated as Confidential**

                    1.      Any person subject to this Order who receives from any other person any

"Discovery Material" (i.e., information of any kind provided in the course of discovery in this

action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose

such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

                    2.      The person producing Discovery Material may designate as "Confidential"

any portion thereof that contains medical information, non-public business, commercial, financial,

or personal information, the public disclosure of which is either restricted by law or would likely,

in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others, or any other information that the Court deems appropriate.  Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

3.      With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility.  Deposition testimony may be designated as "Confidential" either on the record during the deposition or in writing within five (5) business days of receipt of the transcript.  If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4.      If at any time prior to the trial of this action, a producing person realizes that some portion of Discovery Material that that person previously produced without limitation should be designated as "Confidential," the producing person may so designate that portion by promptly notifying all parties in writing.  Such designated portion of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.  In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation within two (2) business days of providing such notice.

**Who May Receive Confidential Materials**

5.      No person subject to this Order, other than the producing person, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

    a.   the parties to this action;

b.  counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

c.  as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

d.  any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

e.  any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

f.  stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

g.  independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

h.  the Court and its staff; and

i.  any other person whom the producing person, or other person designating

   i.  the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

6.      Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms.  Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7.      Within ten days of any disclosure, the Receiving Party shall provide Producing Party (as defined in paragraph 17 below) a copy of the executed consent form annexed hereto as Exhibit A, along with a log of all non-party or attorneys of record of this matter to whom the confidential information was disclosed, identifying also the confidential information disclosed.

8.      Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL."  Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

**Filing Confidential Materials in this Action**

9.      Any person who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only," reserved for extraordinary circumstances), may at any time prior to the trial of this action serve upon the designating person and all other parties a written notice stating with particularity the grounds of the objection or request.  If agreement cannot be reached promptly, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling.

10.     Notwithstanding the designation of material as "Confidential" in discovery, there is no presumption that such Confidential Discovery Material will be filed with the Court under seal.  Documents may be filed under seal only as provided in Judge Schofield's Rule I.D.3.

11.     All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material was previously designated as Confidential or sealed during pretrial proceedings.

12.     Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13.     The parties reserve their rights to seek the admission at trial of materials designated as confidential.  Procedures for seeking admission and admitting at trial materials designated as confidential shall be established by the parties and proposed to the Court, or imposed by the Court prior to trial.  Any application must be made to District Judge Schofield in accordance with District Judge Schofield's rules.

14.     The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

**Inadvertent Disclosure of Privileged Materials**

15.     Any party's production in this proceeding of any documents or other information protected by the attorney-client privilege, attorney work product protection or any other privilege or protection recognized by law as well as any non-party personally identifying information (collectively, "Protected Material"), whether inadvertent or otherwise, shall not constitute a waiver of any privilege or protection applicable to that information in this action.  This

Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

16.     If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a producing person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

17.     A party that produces Protected Material (the "Producing Party") may demand that any party receiving Protected Material (the "Receiving Party") return or destroy the Protected Material (the "Clawback Demand").  Such demand shall be made promptly after the Producing Party discovers that the Protected Material was produced and shall state with particularity (including the Bates number of the document, or if no Bates number appears on the document, sufficient information to identify the document), in a privilege log that complies with the Federal Rule of Civil Procedure 26(b)(5) and Local Civil Rule 26.2, the Protected Material to be returned or destroyed and the basis for the claim of privilege or protection..  If the documents subject to the Clawback Demand contain Protected Material only in part, the Producing Party shall, contemporaneously with the Clawback Demand, produce redacted versions of the documents subject to the Clawback Demand.  Upon receiving a Clawback Demand, the Receiving Party shall within five (5) business days, destroy the Protected Material or return it to the Producing Party, including any copies, and notify any third-party to whom the Receiving Party sent such identified Protected Material to return it to the Producing Party or destroy it.  The Receiving Party shall

provide written assurance of these actions within five (5) days of receiving a Clawback Demand. If the document or information subject to the Clawback Demand contains protected material only in part, then the Producing Party shall, within five (5) business days of the Clawback Demand, produce redacted versions of the documents subject to the Clawback Demand.

18.     If the Receiving Party identifies a document or record produced by the Producing Party that appears to be Protected Material it shall immediately notify the Producing Party of the existence of the document, including the Bates number of the document, or if no Bates number appears on the document, sufficient information to identify the document so that the Producing Party may make a Clawback Demand.

19.     If the receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

20.     The Producing Party shall not, by reason of producing Protected Material, move to disqualify counsel for any Receiving Party whether or not the Receiving Party contests the Producing Party's claim that it is Protected Material.

21.     This Order may be changed only by further agreement of all parties in writing or by Order of the Court and is without prejudice to the right of any party to seek modification of this Order by application to the Court on notice to the other parties.  Nothing in this Order shall preclude any party from seeking judicial relief, in good faith and upon notice to the other parties, with regard to any provision hereof.

22.     Nothing in this Order shall restrict the use or disclosure of any documents or information that is or becomes public or that is obtained through lawful means independent of discovery in this proceeding, even if the same documents or information are produced in this litigation and are designated as Confidential or Protected Material.

23.     A party's compliance with the terms of this Order shall not operate as an admission by that party that any particular document or information is or is not (a) relevant, (b) privileged, or (c) admissible in this action.

**Termination of the Litigation**

24.     This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Discovery Material and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

25.     During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated:      New York, New York
             January 4, 2022

William Li
William K. Li, Law, PLLC
200 Park Avenue, Suite 1700
New York, NY 10166
(212) 380-8198
wli@wlilaw.com

_____

William Li
*Counsel for Plaintiff*

**GEORGIA M. PESTANA**
Corporation Counsel of the
City of New York
Attorney for Defendants
100 Church Street, Room 2-109(g)
New York, New York 10007
(212) 356-2442

_____

Rachel M. DiBenedetto
Assistant Corporation Counsel

**SO ORDERED:**

_____
1/27/2022
     Date

_____
Hon. Debra Freeman
United States Magistrate Judge

**Exhibit A**

I, _____, declare under penalty and perjury, that I have read and understand the Protective Order in this action, <u>Wang v. New York City Dep't of Youth & Cmty. Dev.</u>, Civil Action No. 21-cv-06271 (LGS) (DF), governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential.  I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

DATED: _____, 20___

_____
SIGNATURE

_____
Print Name

_____
Occupation