# William K Li Law PLLC

200 Park Avenue, Suite1700, New York, NY 10166
(212) 380-8198      wli@wlilaw.com

October 28, 2022

BY ECF
Magistrate Judge Valerie Figueredo
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Xue Shan Wang v. NYC Dept. of Youth and Community Development, City of New York, et al, 21-cv-6271(LGS)(VF)

Dear Judge Figueredo,

This firm represents Plaintiff Xue Shan Wang ("Plaintiff") in the above-referenced workplace disability discrimination and retaliation matter. We, unfortunately, have to again write to the Court in regard to discovery issues with Defendants.[1] We have tried to resolve these issues with Plaintiff via email correspondence and a "meet and confer" call on October 26, 2022 to no avail.

First, due to Plaintiff's medical condition of Palatal Myoclonus (which is also a central issue of this case), Plaintiff is unable speak for an extended period of time without suffering from great pain and discomfort to her ear and throat. As a result, Defendants have requested Plaintiff to use a text-to-speech function within Microsoft Word to respond to her deposition questions. In addition, Defendants have requested to take Plaintiff's deposition via Zoom and to have her webcam to be directed at both her face and her keyboard during the duration of her deposition.

However, Plaintiff has informed Defendants that there are technical issues with having her deposition taken with the method requested by Defendants. Specifically, Plaintiff is unable to have her microphone or computer transmit the synthesized voice at a legible level on a consistent basis to the other side during her test runs using this method. Plaintiff has asked to have her answers be transmitted via the "chat" function of Zoom, but Defendants do not consent.

Unfortunately, Defendants do not consent to taking Plaintiff's deposition in person. Defendants' reason is because Plaintiff is not vaccinated against Covid-19 due to her having Palatal Myoclonus,[2] she is therefore not allowed to enter New York City governmental buildings for her deposition since Defendants are represented by The New York City Law Department.

---

[1] Plaintiff previously had to submit multiple Motions to Compel just to get Defendants to fully respond to Plaintiff's discovery requests.

[2] Plaintiff has received an exemption from the Defendants based on her legitimate medical reason.

Plaintiff has offered to have her deposition taken in the undersigned's offices or the offices of the court reporter. However, Defendants refused to consent to Plaintiff's request.

Defendants' rationale is completely unreasonable and arbitrary. First, there is virtually no more Covid-19 related mandate or restriction in New York City. The private employer Covid-19 vaccine mandate will be lifted on November 1, 2022. People in New York City, and the nation, are now frequently congregating in all walks of life where most people are no longer wearing masks or being checked for Covid-19 vaccination status.

Second, depositions were always done in-person with limited exceptions prior to the pandemic. Litigants generally had to seek Court's permission to even take depositions remotely prior to the pandemic. Given that almost all Covid-19 related restrictions have been lifted in New York City, there is no reason why Plaintiff's deposition cannot be taken in person.

Based on the forgoing, there is simply no reason for Defendants to refuse to take Plaintiff's in-person other than to harass her and to further stigmatize her for her medical condition.

Next, while Plaintiff is trying to resolve the logistics of her deposition with Defendants, Plaintiff has sought to take Defendants' witnesses in the interim. However, Defendants state that they would refuse to produce any of their witnesses until after Plaintiff's deposition has been taken even though there is no priority rule in this Court. Defendants are unable to provide any reasoning other than that is the policy of the New York City Law Department, which they apparently deemed to trump the rules of this Court.

Based on the foregoing, we respectfully request the Court to order Plaintiff's deposition to be taken in-person, order Defendants to produce their witnesses for deposition and any other relief which the Court deems just and proper.

We thank the Court for its continued attention to this matter.

Respectfully Submitted,

_____
William Li

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

Dated: 10/31/2022

A discovery conference to address the dispute raised at ECF No. 6-78, is hereby scheduled for Thursday, November 3, 2022 at 2:30 p.m. Counsel for the parties are directed to call Judge Figueredo's AT&T conference line at the scheduled time. Please dial (888) 808-6929; access code: 9135570. SO ORDERED.

2