**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
XUE SHAN WANG,

                        Plaintiff,                     **21-CV-6271 (LGS) (VF)**

           -against-                                   **ORDER**

NEW YORK CITY DEPARTMENT OF YOUTH AND
COMMUNITY DEVELOPMENT, et al.,

                        Defendant(s).
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

      At ECF No. 117, Defendants move for a protective order, limiting the reopened depositions of Nevita Bailey, Lisa Thornton, and Ardis Sanmoogan to three hours. Defendant also seeks to limit the deposition of Christopher Lewis to three hours. Mr. Lewis was not previously deposed, but his deposition was noticed after discovery was reopened for the limited purpose of addressing Plaintiff's new factual allegations in the supplemental complaint. ECF No. 96 at 16. The motion for a protective order is GRANTED. Ms. Bailey, Ms. Thornton, and Mr. Sanmoogan have already been deposed in this matter. Their reopened depositions are necessarily limited to the new factual allegations in the supplemental complaint. Given the limited scope of the reopened depositions and the fact that these witnesses already sat for a deposition once, a full length deposition of seven hours is not warranted. As such, the depositions will be limited to three hours. Mr. Lewis was not previously deposed. Nevertheless, given the limited scope of the deposition, Plaintiff's deposition of Mr. Lewis is limited to four hours. Defendants are likewise limited and can question Plaintiff during her reopened deposition for three hours.

      As it concerns Plaintiff's request to depose Jagdeen Phanor and Louis Miller, the Court is unclear from Plaintiff's submission what relevant information these individuals possess as it

relates to Plaintiff's new factual allegations in the supplemental complaint. Plaintiff is thus directed to submit a letter explaining the basis for the request to depose these two individuals and specifically explaining what relevant, non-cumulative information Plaintiff believes these individuals possess that is directly tied to the factual allegations in Plaintiff's supplemental complaint. If Plaintiff needs to include documents from Defendant's supplemental document production to illustrate her point that these witnesses possess relevant information, Plaintiff should do so. The Court will rule on Defendant's motion for a protective order as it relates to these two individuals upon reviewing Plaintiff's letter. Plaintiff is directed to file the letter on or before **Thursday, January 23, 2025**.

The Clerk of Court is directed to terminate the gavel at ECF No. 117.

**SO ORDERED.**

DATED:   New York, New York
         January 21, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge